■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GROESLANDIA DIAZ, Appellant.—Judgment, Supreme Court, New York County (Stephen G. Crane, J.), rendered May 9, 1991, convicting defendant, after a jury trial, of forgery in the second degree, criminal possession of a forged instrument in the second degree, offering a false instrument for filing in the

first degree, and two counts of a sale of a false, fraudulent or stolen license plate, and sentencing defendant to two five-year terms of probation, and three conditional discharges, imposing a fine of $2500, and ordering defendant to perform 100 hours of community service, unanimously affirmed.

Defendant was convicted for selling two New Jersey temporary license plates for $50 each. The defendant also arranged for a forged motor vehicle application and received $390. Defendant's sole contention on appeal is that the trial court's supplemental jury instruction deprived the defendant of a fair trial.

The defendant failed to object to the challenged portion of the instructions; therefore, the issue is unpreserved for appellate review (CPL 470.05 [2]). If we were to consider the issue in the interest of justice, we would find it meritless.

Upon a third attempt to explain the elements of acting in concert, the Trial Judge employed the words "defendant" and "somebody else" in place of "accomplice" and "perpetrator", in an attempt to meaningfully respond to a jury note. Concur —Murphy, P. J., Sullivan, Rosenberger, Kassal and Rubin, JJ.